IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00426-FDW

| | |
|---|---|
| MAURICE L. STROUD, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| POLK CORRECTIONAL INSTITUTE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint which he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.[1]

Plaintiff is a prisoner of the State of North Carolina who is presently serving a 52-year sentence following his conviction for second degree murder on September 16, 2004. In his complaint, Plaintiff alleges that on June 25, 2007, and again in November of the same year, he was attacked by prison guards at Polk Correctional Institution for no reason and that the beatings caused him to suffer serious physical injuries.

Plaintiff acknowledges that his complaint, which was filed on or about September 15, 2015, is filed outside the applicable statute of limitations. (3:15-cv-00426, Doc. No. 1 at 4). Because there is no federal statute of limitations for § 1983 actions, the state statute of limitations will apply to determine whether a claim is time-barred. See Brooks v. City of Winston-Salem, 85

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1).

1

F.3d 178, 181 (4th Cir. 1996). In North Carolina, there is a three-year statute of limitations that applies to personal injury actions or claims for assault and battery. Plaintiff's allegations, as they pertain to alleged assaults in 2007, are time-barred in this § 1983 action.[2] See N.C. Gen. Stat. § 1-52(5) (claims for personal injuries) and (19) (claims for assault and battery).

As a second observation, the Court notes that Plaintiff filed three *pro se* civil rights complaints in this District pursuant to 42 U.S.C. § 1983 while a prisoner of the State of North Carolina, and in each of those cases he was allowed to proceed *in forma pauperis*, and each of those cases were dismissed under the Prisoner Litigation Reform Act (PLRA). See 28 U.S.C. §§ 1915(e) and 1915A(b)(1). See (3:99-cv-00497-GCM; 3:00-cv-00381-GCM; 3:00-cv-00140-GCM).

Because Plaintiff is seeking to proceed *in forma pauperis* in the present action, his complaint is governed by the PLRA which provides, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff cannot demonstrate that he is in danger of imminent physical injury; therefore he would be required to pay the full $400 filing fee before his case could proceed. Because he has tendered no funds with his complaint, it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice. (Doc. No. 1).

---

[2] Plaintiff's complaint, even if not time-barred, is subject to dismissal because Polk Correctional Institution is not a defendant capable of being sued in a § 1983 proceeding.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 30, 2015

Frank D. Whitney
Chief United States District Judge